UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. de C.V., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BARGAIN MAX WHOLESALE, INC., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00893-CDB<br><br>ORDER HOLDING IN ABEYANCE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 17)<br><br>ORDER DIRECTING DEFENDANTS' TO SUBMIT TO ACCOUNTING<br><br>**30-DAY DEADLINE** |

Pending before the Court is the motion of Plaintiffs Sueros & Bebidas Rehidratantes, S.A. de C.V. ("Sueros"), and CAB Enterprises, Inc.'s ("CAB"; collectively, "Plaintiffs") for default judgment against Defendants Bargain Max Wholesale, Inc. ("Bargain Max"), and Mohammed Alhomedi (collectively, "Defendants"), filed on October 11, 2024. (Doc. 17). No Defendants have appeared or filed opposition to Plaintiffs' motion and the deadline to do so has passed. The Court convened for hearing on the motion via videoconference on November 25, 2024. (Docs. 22, 27). Counsel Charles Cox and Samantha Burdick appeared by video on behalf of Plaintiffs and Mutahar Al-Aryani appeared by video on behalf of Bargain Max, during which Mr. Al-Aryani represented himself as vice president of Bargain Max. (Doc. 22).

**I.   Background**

In the complaint, Plaintiffs assert claims arising from trademark infringement, trademark dilution, unfair competition, and unjust enrichment. *See* (Doc. 1). Plaintiffs allege that Sueros owns trademarks related to the hydration beverage known as Electrolit; namely, U.S. Registration Numbers 4,222,726; 4,833,885; 4,717,350; and 4,717,232. CAB is the exclusive licensee of these registered trademarks in the United States, "one or more of which appear on packaging and advertisements for all genuine U.S. Electrolit[] products[.]" The registration dates for these trademarks, respectively, are October 9, 2012; October 13, 2015; April 7, 2015; and April 7, 2015. (Doc. 1 at 7-8).

Plaintiffs allege that Defendants operate a business that sells unauthorized Electrolit beverages from a warehouse in Bakersfield, California, as well as via a website. Plaintiffs allege that Defendants are not an authorized distributor of CAB and are aware that their sales infringe upon Plaintiffs' trademarks. Plaintiffs assert that, prior to their lawsuit, they sent a cease-and-desist letter to Defendants, informing them that they were selling unauthorized Electrolit products. The letter asserted that the products Defendants were selling were not compliant with the regulations of the FDA, violated "a number of U.S. laws," caused a likelihood of confusion with authorized Electrolit products, and demanded Defendants cease sales of the infringing products. According to Plaintiffs, Defendants continued to sell infringing products. *Id.* at 15.

Plaintiffs assert that Mohammed Alhomedi is the alter ego of Bargain Max, due to there being no separation between the two, as Alhomedi is "owner, president, and lead salesman of Bargain Max." Plaintiffs allege that Alhomedi has diverted profits from Bargain Max to himself for his personal use, as well as used Bargain Max for his personal purposes. Plaintiffs have and continue to suffer harms from Defendants' actions. They further allege that relations between CAB and its authorized sub-distributors have been harmed due to Defendants' selling lower cost, unauthorized goods and underbidding authorized sub-distributors on supply contracts. *Id.* at 16-17.

Plaintiffs further allege that Defendants' activities have jeopardized Plaintiffs' pricing mechanisms. As Electrolit is sold in markets globally, the pricing structure is non-uniform to

compete in particularly cost-sensitive markets. Thus, by importing unauthorized Electrolit goods illicitly and marketing them against genuine Electrolit goods, Plaintiffs are forced "into an unsustainable race to the bottom and jeopardize their ability to price their products fairly" and, once "such price erosion becomes prevalent," it will be impossible to bring prices back to pre-erosion levels. *Id.* at 17.

Following service of the summons and complaint, the Clerk of the Court entered default as to both Defendants when they failed to timely answer or appear. (Docs. 1, 9, 10, 14, 15). On October 11, 2024, Plaintiffs filed their motion for default judgment. (Doc. 17). On November 25, 2024, during the hearing on the motion for default judgment held via videoconference (Docs. 22, 27), Mutahar Al-Aryani appeared by video as vice president of Bargain Max and asserted that he intended to retain counsel. As of the date of this order, more than three months have passed and neither Defendants, nor any counsel on their behalf, have entered an appearance in this action.

## **II.     Discussion**

Entry of a default judgment requires evidence establishing the amount due. *See* Fed. R. Civ. P. 55(b). Rule 55 establishes that a court may conduct hearings or make referrals when, to enter default judgment, it must conduct an accounting or determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(A), (B). *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Custom Spray Sys., Inc.*, No. 2:21-cv-09976-RGK-E, 2023 WL 12018684, at *2 (C.D. Cal. Apr. 11, 2023) (denying motion for default judgment and, instead, entering an order for an accounting to determine damages for purposes of default judgment).

Under the Lanham Act, Plaintiffs are entitled to recover Defendants' profits, any damages sustained by the Plaintiffs, and costs of the action. 15 U.S.C. § 1117 ("The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only."). Upon entry of default, courts generally take as true all factual allegations in the complaint, except those related to the amount of damages. *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977). It follows that a plaintiff must provide evidence for the damages claimed.

Here, in their motion for default judgment, Plaintiffs assert that an accounting is needed to ascertain damages. (Doc. 17-1 at 23-24). As no Defendants have appeared, the case has not been scheduled and discovery has not opened. Plaintiffs, as such, have been unable to gather evidence concerning damages. The Court acknowledges that some courts have found it appropriate to provide limited discovery after granting default judgment. *E.g., Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. C06-6572JSW (MEJ), 2007 WL 4973848, at *10 (N.D. Cal. Dec. 6, 2007), report and recommendation adopted as modified sub nom. *Williams-Sonoma, Inc. v. Online Mktg. Servs., Ltd.*, No. C 06-06572 JSW, 2008 WL 596251 (N.D. Cal. Mar. 4, 2008). Still others, however, have declined to provide a post-judgment accounting, citing the "one final judgment rule" that cautions against disposing of a case piecemeal. *E.g., YS Park Pro., Inc. v. Saco Store*, No. CV 17-5065 PA (JCX), 2018 WL 6174698, at *7 (C.D. Cal. Mar. 23, 2018) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985)); *Custom Spray Sys.*, 2023 WL 12018684, at *1-2.

In *YS Park Pro, Inc.*, the plaintiffs sought both statutory damages and damages based on defendant's profits. Under the Lanham Act, "[s]tatutory damages are available as an alternative to actual damages, not as an additional award. The [c]ourt considers [p]laintiffs' request for statutory damages to have been made as an alternative to actual damages." *YS Park Pro., Inc. v. Saco Store*, 2018 WL 6174698, at *5 (citing 15 U.S.C. § 1117(c))). Here, in contrast, Plaintiffs have not elected to seek statutory damages as an alternative (and, in fact, did not plead entitlement to statutory damages in the complaint) but seek instead an accounting for purposes of ascertaining damages based on profits and losses. Accordingly, the Court will hold in abeyance Plaintiffs' motion for default judgment for purposes of enabling Plaintiffs to conduct an accounting. *See Custom Spray Sys., Inc.*, 2023 WL 12018684, at *2 ("Instead of entering two judgments (one now and one later), the [c]ourt will enter an interlocutory order for an accounting pursuant to [Rule] 55(b).").

///

///

///

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY OREDERED:

1. **Within 30 days** of service of this Order by Plaintiffs upon Defendants Bargain Max Wholesale, Inc., and Mohammed Alhomedi, Defendants must submit to an accounting. In connection with the accounting, Defendants must provide to Plaintiffs at their request documents evidencing the quantities and prices of products purchased or sold bearing the infringing marks; the dates of any such purchases or sales; and the names and addresses of all suppliers and customers from whom they have purchased or to whom they have sold any such products.

2. **Within 60 days** of service of this Order by Plaintiffs upon Defendants, Plaintiffs shall file a status report addressing the status and results of the accounting.

3. Plaintiffs' motion for default judgment (Doc. 17) will be held in abeyance pending completion of the accounting.

If Defendants fail to timely comply with this Order, Plaintiffs may request in their status report (*see supra*) that the Court enter an order to show cause why Defendants should not be held in contempt, which may be followed by imposition of a monetary sanction for attorney fees incurred by Plaintiffs in seeking an accounting.

IT IS SO ORDERED.

Dated:   **March 5, 2025**                                   _____
                                                             UNITED STATES MAGISTRATE JUDGE