John W. Phillips, Bar No. 147117
Jaskaran Gill, Bar No. 316615
**FENNEMORE LLP**
8080 N Palm Avenue, Third Floor
Fresno, CA  93711
Tel: (559) 432-4500 / Fax: (559) 432-4590
jphillips@fennemorelaw.com
jgill@fennemorelaw.com

Attorneys for Defendants Bargain Max Wholesale, Inc., and Mohammed Alhomedi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRANTES, S.A. de C.V., a Mexican company, and CAB ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BARGAIN MAX WHOLESALE, INC., a California corporation, MOHAMMED ALHOMEDI and DOES 1-10,<br><br>Defendants. | Case No. 1:24-cv-00893-CDB<br><br>Hon. Christopher D. Baker<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, AND ORDER FOR PERMANENT INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, AND ORDER FOR PERMANENT INJUNCTION**<br>[Fed. R. Civ. P. 55(c); Fed R. Civ. P. 60(b)]<br><br>Date:         May 1, 2025<br>Time:        10:30 a.m.<br>Courtroom: Bakersfield Courthouse<br><br>Case filed:        October 2, 2023<br>Default Entered: September 9, 2024 |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on May 1, 2025 at 10:30 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Bakersfield Federal Courthouse, 510 19th Street, Bakersfield, CA 93301, defendants BARGAIN MAX WHOLESALE, INC., a California corporation, and MOHAMMED ALHOMEDI, (herein collectively, "Defendants"), will and hereby do move the Court pursuant to Federal Rules of Civil Procedure ("FRCP"),

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

1  Rule 55(c) and Rule 60(b), to set aside (1) the Default entered by the Clerk against said
2  defendants on September 9, 2024, (2) the resultant Order on Plaintiffs' Motion for Default
3  Judgment heard by the court on October 11, 2024, and (3) the Order for Permanent Injunction
4  issued by this court on November 25, 2024.

5      This motion is brought on the grounds that the complaint on file in this action has never
6  been validly served on either Bargain Max Wholesale, Inc., or Mouhammed Alhomedi, and that
7  Judgment was taken against Defendants only as a result of Defendants' surprise or excusable
8  neglect. Defendants further allege the existence of facts giving rise to timely, valid and
9  meritorious defenses to the claims for relief alleged in the complaint.

10     This motion is based on this Notice of Motion and Motion, the Memorandum of Points
11 and Authorities filed herewith, the Request for Judicial Notice, the declarations of Nasr Abduljlil
12 Alhumaidi, Mohammed Abdu Alhomedi, Abdo Saleh Alhamidi, John W. Phillips (meet and
13 confer Declaration), and upon such other matters as may be presented to the Court at the time of
14 the hearing.

16 Dated: March 19, 2025                FENNEMORE LLP

18                                   By: /s/ *John W. Phillips*
19                                       John W. Phillips
                                      Jaskaran S. Gill
20                                       Attorneys for Defendants Bargain Max
                                      Wholesale Inc., and Mohammed Alhomedi

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001    - 2 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendants BARGAIN MAX WHOLESALE, INC., a California corporation, and MOHAMMED ALHOMEDI (collectively referred to as "Defendants"), respectfully move this Court to set aside the entry of default and default judgment entered against them pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). Good cause exists to grant this motion because: (1) Defendants' delay in responding to the lawsuit was not culpable; (2) Defendants have a meritorious defense to the claims asserted by Plaintiffs; and (3) setting aside the default will not prejudice Plaintiffs. The Federal Rules of Civil Procedure strongly favor resolving disputes on their merits rather than through default judgments. (See *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).)

As set forth in detail below, the default entered against defendants must be set aside under the liberal application of Federal Rules of Civil Procedure 55(c) and 60(b) as the law strongly favors trial and dispositions on the merits. The public policy favoring decisions on the merits is overwhelmingly strong and universally recognized. Defendants must be granted relief from the defaults entered them so that they can contest the deeply questionable claims leveled against them in this lawsuit.

### II.

### UPDATE TO INTRODUCTION

After preparing this Motion, counsel for Defendants was provided with a copy of this Courts Order Holding in Abeyance Plaintiffs Motion For Default Judgment. Although Plaintiffs have been allowed to proceed with post judgment type of asset discovery, Defendants respectfully assert that the issues raised herein remain timely and procedurally appropriate under the facts as set forth herein.

### III.

### BACKGROUND

On August 2, 2024, Plaintiffs SUEROS & BEBIDAS REHIDRATANTES, S.A de C.V., a

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001                - 3 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

Mexican company, and CAB ENTERPRISES, INC., a Delaware corporation (collectively referred to as "Plaintiffs"), filed a Complaint against Defendants. ("Complaint," Dkt. No. 1.) The Complaint asserted eleven causes of action. On or about September 9, 2024, entered a default against Defendants ("Default", Dkt. No. 15.) Defendants were not aware that a lawsuit had been filed against them and did not receive any notice of the suit until after the Default was entered. (Mohammed Abdu Alhomedi Decl., ¶ 9.)

Plaintiffs' process server reported that on or about August 10, 2024, the summons was personally served on Defendant Mohammed Alhomedi at 1475 Hillsboro Avenue, Madera, California 93637 (*See* "*Proofs of Service*", Dkt Nos. 9, 10.) However, Mohammed Alhomedi ("Mohammed") was in Dublin, California on August 10, 2024, until 2:00 p.m., and does not reside at 1475 Hillsboro Avenue, Madera, California 93637. (Mohammed Decl., ¶ 8.) Instead, Mohammed's parents reside at that address. Mohammed was not personally served with the summons in this matter at any time on the weekend of August 7-10, 2024 (*Id*., ¶ 9.), or at anytime thereafter.

While Mohammed's father, Abdo Saleh Alhamidi ("Abdo"), resides at the Hillsboro residence, he was in Yemen from late June 2024, to the first week of November 2024. (Abdo Decl., ¶ 6.) Abdul was not served with the lawsuit. (*Id*.) Moreover, defendant Bargain Max Wholesale, Inc.'s address for service of process is 2201 E. Brundage Lane, Bakersfield, California, not 1475 Hillsboro Avenue, Madera, California 93637. (Mohammed Decl., ¶ 13.) Plaintiffs did not serve the Complaint or Summons at 2201 E. Brundage Lane, Bakersfield, California. Accordingly, Defendants have not been properly served with the summons or complaint, and the default entered against them should be set aside. As a result, Defendants seek to set aside the entry of default so they may respond to this lawsuit.

## IV.
## LEGAL STANDARD

The law reflects a strong public policy favoring decisions on the merits. A court may set aside an entry of default for good cause (Fed.R.Civ.P.55(c)), and Fed.R.Civ.P. 60(b) grants a court discretion to vacate a judgment or order for reason of "mistake, inadvertence, surprise or

excusable neglect" and "any other reason that justifies relief." "When a default judgment would be set aside, a mere entry of default should also be set aside. Thus, any default, whether entry or judgment, can be set aside when the party in default establishes 'mistake, inadvertence, surprise or excusable neglect.' " (*McManus v. Am. States Ins. Co.*, 201 F.R.D. 493, 500 (C.D. Cal. 2000).) This analysis considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff.

The Ninth Circuit policy favors relief from default. Defaults are disfavored and cases ordinarily should be decided on their merits. (*In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).) Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. (*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010).) Accordingly, courts are instructed to liberally set aside default judgments. (*In re Hammer*, *supra*, 940 F.2d at 525.)

Courts routinely recognize the drastic nature of defaults. "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, *supra*, 615 F.3d at 1089; *see also In re Hammer*, *supra*, 940 F.2d at 525 ["default judgments are generally disfavored, and wherever it is reasonably possible, cases should be decided upon their merits"](internal quotations and citations omitted). Courts are instructed to view requests for relief from default liberally and resolve all doubts in favor of the party seeking relief. (*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## V.

## LEGAL ARGUMENT

**1.** ***This Court should Set Aside the Entry of Default against Defendants because any Failure to Respond was Inadvertent and Excusable.***

The Court has broad discretion to grant relief from default upon a showing of mistake, inadvertence, surprise, or excusable neglect. Those factors are present here. Defendants did not have actual notice or knowledge of the lawsuit until after the time to respond to the Complaint had passed. Specifically, Defendant Mohammed Alhomedi was in Dublin, California at the time

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001                                - 5 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

1  the Summons and Complaint were allegedly served. The facts demonstrate that the Summons and
2  Complaint were not personally served on Mohammed Alhomedi (Mohammed Decl., ¶ 9.)
3  Plaintiffs did not serve the Summons and Complaint at 2201 E. Brundage Lane, Bakersfield,
4  California. A Default was entered in this case because Defendants did not have notice of the
5  lawsuit. Defendants respectfully request to Answer the Complaint, and defend.

6  Courts recognize that relief from a default may be granted where a defendant
7  demonstrates that he or she received no actual notice of the action before the answer was due.
8  (*Peralta v. Heights Med. Ctr., Inc*., 485 US 80, 85-86 (1988); *Stephenson v. El-Batrawi*, 524 F3d
9  907, 912-913 (8th Cir. 2008).) Additionally, the court may grant a motion for relief from default
10 where defendant (even if defendant had actual notice) demonstrates defects in the service of
11 process. (*Durukan America, LLC v. Rain Trading, Inc*., 787 F3d 1161, 1163 (7th Cir. 2015); *SEC
12 v. Internet Solutions for Business Inc*. 509 F3d 1161, 1165-1166 (9th Cir. 2007).)  This is because
13 a court lacks jurisdiction over a defendant who has not been properly served. (*Dodco, Inc. v.
14 American Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993).) Defects in service of process render a
15 judgment void and subject to direct attack by motion for relief from default. (*Mason v. Genisco
16 Tech. Corp*., 960 F2d 849, 851 (9th Cir. 1992).)

17 In this case, any error in failing to respond to the Complaint is excusable, and the result of
18 inadvertence and surprise. Defendants were unaware of the lawsuit at the time the default was
19 entered. They were not properly served with the Summons and Complaint, and simply did not
20 learn of the lawsuit until after the Default was entered. Upon learning of the lawsuit and default,
21 Defendants took prompt action to address the matter by retaining counsel in order to seek set
22 aside of the default, and by causing the filing this motion.

23 **2. *Defendants' Delay in Responding to the Lawsuit was Not Culpable.***

24 A "defendant's conduct is culpable if he has received actual or constructive notice of the
25 filing of the action and intentionally failed to answer." (*Alan Neuman Prods., Inc. v. Albright*, 862
26 F.2d 1388, 1392 (9th Cir. 1988).). In order to make a finding of Culpability, courts typically
27 require material evidence that defendant's failure to respond was willful, deliberate, or evidence
28 of bad faith. (*American Alliance Ins. Co., Ltd. v. Eagle Ins. Co*. (2nd Cir. 1996) 92 F3d 57, 60-

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001                                - 6 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

61—something more than mere negligence required; *see Wilson v. Superclub Ibiza*, LLC (D DC 2012) 279 FRD 176, 179—doubt as to willfulness of default resolved in favor of defaulting party].) Here, Defendants' delay in responding to the Complaint was simply due to their lack of knowledge of the lawsuit and duty to respond. These circumstances do not constitute culpable conduct under Ninth Circuit precedent. Rather, it reflects inadvertence and excusable neglect – which warrants setting aside the default.

### 3. *Defendants' have a Meritorious Defense to the Lawsuit.*

The burden on the defendant to demonstrate a meritorious defense is not a heavy burden. (*United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015).) All that is needed "to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." (*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).)

The Complaint attempts to assert eleven causes of action for: Federal Trademark Infringement; Indirect and Contributory Trademark Infringement; False Designation of Origin; Federal Trademark Dilution; State Law Trademark Dilution; Unfair Competition; Common Law Trademark Infringement; Common Law Unfair Competition; Unjust Enrichment; Contributory Unfair Competition; and Contributory Trademark Dilution. Defendants dispute the material allegations in the Complaint and liability in this case. Specifically, without limitation, and as set forth in the Declaration of Nasr Alhoumaidi, President of Defendant Bargain Max:

   a. Defendants dispute that they have wrongfully used Plaintiffs' trademark in interstate commerce;
   b. Defendants dispute that they have engaged in any unlawful behavior regarding the unauthorized sale of "unauthorized Electrolit" as alleged in the Complaint;
   c. Defendants dispute that Mohammed Alhomedi is the "alter ego" of defendant Bargain Max Wholesale, Inc.;

///

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001

- 7 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

      d. Defendants dispute that Plaintiffs have suffered irreparable harm from Defendants' actions and that Defendants have not adequate remedy at law for any of the conduct alleged in the Complaint;

      e. Defendants dispute that they have deliberately, knowingly, or willfully infringed on Plaintiff's trademarks or trade dress;

      f. Defendants dispute that they knew or should have known of Plaintiff's trademarks or trade dress; and

      g. Defendants dispute that they have deceived any consumer or made any false or misleading statements causing injury to Plaintiffs.

Defendants are prepared to file an Answer to the Complaint and litigate the merits of this action. Defendants also dispute that Plaintiffs are entitled to any monetary relief from Defendants. Here, it is important to note that in a trademark case, a "defendant's intent is relevant to the issue of damages, because 'innocent intent may serve to mitigate the extent of damages available upon a finding of liability for trademark infringement.'" (*GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*, No. 1:22-CV-1454 JLT SAB, 2023 WL 2815746, at *5 (E.D. Cal. Apr. 6, 2023).) At all relevant times, Defendants did not intend to infringe on any of Plaintiffs' trademarks. Furthermore, Plaintiffs also seek injunctive relief in this matter. Injunctive relief by definition is an extraordinary remedy that is rarely justified. Defendants should be permitted to defend themselves against the issuance of the Permanent Injunction as well.in this case.

**4. *Plaintiffs Will Not Suffer Prejudice if the Default is Set Aside.***

Prejudice exists only if setting aside the default would hinder Plaintiffs' ability to pursue the case on its merits due to the loss of evidence, increased difficulty in discovery, or that it thwarted Plaintiffs' ability to obtain relief. (*TCI Group Life Ins. Plan*, *supra*, 244 F.3d at 701.) "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." (*Mesle*, *supra*, 615 F.3d at 1095.) In this case, the litigation is in its early stages, and there is no indication that evidence has been lost or that Plaintiffs' ability to prosecute their claims have been compromised. Very little time has passed since the filing of this action, and this motion. Plaintiffs' claims can still be fully adjudicated on the merits, and any

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001      - 8 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.

inconvenience caused by setting aside the default is outweighed by the strong judicial preference for resolving disputes on their merits.

## VI.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to set aside the entry of default and default judgment. Defendants have a meritorious defense to this lawsuit, are ready and willing to litigate this action, and are prepared to immediately file a responsive pleading to Plaintiffs' complaint in the form of the Answer to Complaint, attached to the Meet and Confer Declaration of John W. Phillips as Exhibit "D", forthwith.

Dated: March 19, 2025                         FENNEMORE LLP

By: /s/*John W. Phillips*
    John W. Phillips
    Jaskaran S. Gill
    Attorneys for Defendants Bargain Max
    Wholesale Inc., and Mohammed Alhomedi

FENNEMORE LLP
ATTORNEYS AT LAW
FRESNO

51084264.1/073744.0001                         - 9 -

NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT, DEFAULT JUDGMENT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT, ETC.