UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. DE C.V., *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>BARGAIN MAX WHOLESALE, INC., *et al*.,<br><br>Defendants. | Case No. 1:24-cv-00893-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND ACCOMPANYING REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. 32)<br><br>ORDER GRANTING PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. 33-4)<br><br>ORDER TERMINATING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS MOOT AND VACATING ORDER HOLDING IN ABEYANCE<br><br>(Docs. 17, 29)<br><br>**5-DAY DEADLINE**<br><br>ORDER SETTING SCHEDULING CONFERENCE – August 21, 2025, 9:30am |

  Pending before the Court is the motion of Defendants Bargain Max Wholesale, Inc. ("Bargain Max"), and Mohammed Alhomedi (collectively, "Defendants") to set aside the entry of default and default judgment, filed on March 26, 2025, and the accompanying request for judicial notice. (Doc. 32). Plaintiffs Sueros & Bebidas Rehidratantes, S.A. de C.V. ("Sueros"), and CAB Enterprises, Inc. ("CAB";

1

collectively, "Plaintiffs"), filed an opposition to Defendants' motion to set aside default on April 9, 2025, with an accompanying request for judicial notice (Doc. 33), and Defendants replied on April 21, 2025 (Doc. 34). The Court convened for hearing on Defendants' motion on May 1, 2025. (Doc. 36).

## I. **Relevant Background**

On August 2, 2024, Plaintiffs initiated this action with the filing of a complaint in which they assert claims sounding in trademark infringement under 15 U.S.C. §§ 1114, *et seq.* (the "Lanham Act"), and state law. (Doc. 1).

Plaintiffs allege that Sueros owns trademarks related to the hydration beverage known as Electrolit; namely, U.S. Registration Numbers 4,222,726; 4,833,885; 4,717,350; and 4,717,232. CAB is the exclusive licensee of these registered trademarks in the United States, "one or more of which appear on packaging and advertisements for all genuine U.S. Electrolit[] products[.]" The registration dates for these trademarks, respectively, are October 9, 2012; October 13, 2015; April 7, 2015; and April 7, 2015. (Doc. 1 at 7-8).

Plaintiffs allege that Defendants operate a business that sells unauthorized Electrolit beverages from a warehouse in Bakersfield, California, as well as via a website. Plaintiffs allege that Defendants are not an authorized distributor of CAB and are aware that their sales infringe upon Plaintiffs' trademarks. Plaintiffs assert that, prior to their lawsuit, they sent a cease-and-desist letter to Defendants, informing them that they were selling unauthorized Electrolit products. The letter asserted that the products Defendants were selling were not compliant with FDA regulations, violated "a number of U.S. laws," caused a likelihood of confusion with authorized Electrolit products, and demanded Defendants cease sales of the infringing products. According to Plaintiffs, Defendants continued to sell infringing products. *Id.* at 15.

Plaintiffs further allege that Defendants' activities have jeopardized Plaintiffs' pricing mechanisms. Plaintiffs state that, as Electrolit is sold in markets globally, the pricing structure is non-uniform to compete in particularly cost-sensitive markets. Thus, by importing unauthorized Electrolit goods illicitly and marketing them against genuine Electrolit goods, Plaintiffs are forced "into an unsustainable race to the bottom and jeopardize their ability to price their products fairly" and, once "such price erosion becomes prevalent," it will be impossible to bring prices back to pre-erosion levels.

*Id.* at 17.

Following the filing of executed summonses, the Clerk of the Court entered default as to both Defendants when they failed to timely answer or appear. (Docs. 9, 10, 14, 15). On October 11, 2024, Plaintiffs filed a motion for default judgment. (Doc. 17). On November 25, 2024, during the hearing on the motion for default judgment held via videoconference (Docs. 22, 27), Mutahar Al-Aryani appeared by video, represented himself as the vice president of Bargain Max, and asserted that he intended to retain counsel. *See* (Doc. 27).

On March 5, 2025, the Court issued an order directing Defendants to submit to an accounting and holding the motion for default judgment in abeyance until completion of the accounting. (Doc. 29). Thereafter, Defendants filed their motion to set aside default judgment on March 26, 2025. (Doc. 32).

## II. Governing Authority

Defendants ask the Court to "set aside the entry of default and default judgment." (Doc. 32 at 3). However, though Plaintiffs have filed a pending motion for default judgment against Defendants (Doc. 17), Plaintiffs have not been awarded a default judgment; at this stage of the litigation, the Clerk of the Court has only entered defaults against Defendants. (Doc. 15). Rather, the Court ordered Plaintiff's motion for default judgment to be held in abeyance until completion of an accounting. (Doc. 29). As such, default judgment has not been entered. Thus, the Court shall address Defendants' request under Federal Rule of Civil Procedure 55(c).

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereinafter, "*Mesle*"). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id*. at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

### III. Discussion

As a preliminary matter, the Court addresses the parties' unopposed requests for judicial notice. (Docs. 32-2, 33-4). Defendants request the Court to take judicial notice of the operative complaint (Doc. 1) and the proofs of service filed in this action on August 15, 2024 (Docs. 9, 10). *See* (Doc. 32-2). The Court takes judicial notice of the complaint (Doc. 1) and proofs of service (Doc. 9, 10) for purposes of ruling on the pending motion, as they were filed previously in the instant action.[1] For the current proceedings, the Court admonishes Defendants to not seek judicial notice of documents filed in the same case; accurate citations will suffice. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015).

Plaintiff requests the Court to take judicial notice of two Statement of Information forms filed with the California Secretary of State, relating to entities for which Defendant Alhomedi is listed as the agent for service of process. *See* (Doc. 33-4). Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as websites run by governmental agencies. Fed. R. Evid. 201(b)(2); *see Gerritsen*, 112 F. Supp. 3d at 1033. The Court takes judicial notice of the Statement of Information forms filed with the California Secretary of State for Alhomedi Venture, LLC (Doc. 33-4, Ex. 1), and First Ventures, LLC (*id.*, Ex. 2), and the information contained therein for purposes of ruling on the pending motion. *See Gerritsen*, 112 F. Supp. 3d at 1034 (taking judicial notice of business entity profiles on the California Secretary of State's website).

Turning to the pending motion, the Court addresses the *Mesle* factors below.

///

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

**A. Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds as stated in Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "Intentional" conduct in this sense means "willful, deliberate, or…[in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

   *1. Parties' Arguments*

Defendants contend that their failure to respond was inadvertent and excusable. Defendants assert and Alhomedi declares that he was in Dublin, California, at the time the summons and complaint were served and, thus, they were not served personally upon him nor upon his father, who was overseas at the time. (Doc. 32 at 6; Doc. 32-3 ¶¶ 8-10). Alhomedi's father, Abdo Saleh Alhamidi, declares that he was in Yemen from June 2024 to the first week of November 2024 and his mail was held during this time. Upon his return, he states he retrieved his mail and no legal documents were in it, nor upon his front porch or taped to the door. (Doc. 32-5 ¶ 6). Defendants represent that they were "unaware of the lawsuit at the time the default was entered," the summons and complaint were not properly served, and Defendants did not learn of the action until after Default was entered, and "took prompt action to address the matter by retaining counsel" thereafter. (Doc. 32 at 6).

Plaintiffs assert that Defendants were served with a copy of the summons and complaint on August 10, 2024. (Doc. 33 at 10 (citing Docs. 9, 10); Doc. 33-1 ¶ 2 & Ex. A). Plaintiffs state that Nasr Alhumaidi, Bargain Max's chief executive officer, was personally served with the motion for default judgment and Alhomedi by substituted service. (Doc. 33 at 10; citing Docs. 18, 19, 20). Plaintiff provides that Mutahar Al-Aryani, Bargain Max's vice president, appeared at the hearing on Plaintiff's motion for default judgment on behalf of Bargain Max and confirmed receipt of notice of the suit. *Id.* at 11; (Doc. 33-1 ¶ 3 & Ex. B at 4:16-18, 14:8-15:4). Plaintiffs represent that Alhomedi was personally

served with the Court's order holding in abeyance the motion for default judgment and directing an accounting. (Doc. 33 at 11; citing Docs. 29, 30, 31). Plaintiffs assert that Defendants did not submit a declaration from the "female member of the household who was served on behalf of Mr. Alhomedi on October 14 and 17, 2024." *Id.* at 15 (citing Docs. 19-1, 20). Plaintiffs further assert that Defendants only "submitted an outdated declaration from Mr. Alhomedi which omits the fact that he was again personally served at the 1475 Hillsboro Avenue address in Madera two weeks prior to the filing of the [m]otion." *Id.* (citing Docs. 29, 30, 31). Plaintiffs cite to Exhibits 1 and 2 of the request for judicial notice (Doc. 33-4, Ex. 1 & 2), evidencing inclusion of the Hillsboro Address in the California Secretary of State filings for two other organizations where Alhomedi is the agent for service of process. (Doc. 33 at 15).

Defendants' counsel John W. Phillips declares that his first attempt to meet and confer was on December 12, 2024, with communications continuing until early January 2025. (Doc. 32-1 ¶ 2, Ex. A, Ex. B). Counsel declares that the complexity of the facts and intervening trials resulted in a delay in filing the motion. *Id.* ¶ 2, subpart (f). Counsel states that Defendants brought "this motion to [him] for a legal defense on or about December 23, 2024." *Id.* Alhomedi and Nasr Alhumaidi represent that counsel was formally retained by Defendants the week of Christmas 2024. (Doc. 32-3 ¶ 18; Doc. 32-4 ¶ 13). As such, there was a delay of approximately four months from when Mutahar Al-Aryani, who was apparently informed of the action in October (Doc. 27 at 5:20-25, 13:10-19), appeared on behalf of Bargain Max at the hearing on the motion for default judgment on November 25, 2024 (Doc. 22), to the date of the filing of the motion to set aside default on March 26, 2025 (Doc. 32).

### 2. Analysis

Alhomedi's declaration (Doc. 32-3) and supplemental declaration (Doc. 34-1) do not, by themselves, provide strong and convincing evidence to overcome the presumption of proper service. *See GS Holistic, LLC v. Puff & Up Inc.*, No. EDCV 22-2149 JGB (SPX), 2024 WL 1601832, at *3 (C.D. Cal. Mar. 12, 2024). Nasr Alhumaidi's declaration merely repeats the claims in Alhomedi's declaration. (Doc. 32-4 ¶ 4). Alhomedi's assertions are further undermined by the fact that the Hillsboro Address is included as Alhomedi's address as agent for service of process for two other organizations registered with the California Secretary of State (Doc. 33-4, Ex. 1 & Ex. 2). Additionally, Mutahar Al-Aryani

entered an appearance on behalf of Bargain Max on November 25, 2024 (Doc. 22), wherein he represented being informed of the action in October (*see* Doc. 27).

Thus, the Court finds that Plaintiffs were solely responsible for the delay as they had notice of the lawsuit and delayed their response. After retaining counsel, counsel further delayed in filing of the motion to set aside default. However, despite this delay, the Court cannot conclude based on the record that such a delay was willful or in bad faith, as it appears that when Mutahar Al-Aryani was informed of the posture of this action and learned that a default had been entered against Defendants, he properly took action to retain counsel. Counsel then attempted to meet and confer with Plaintiffs. While delayed and arguably careless, Defendants conduct does not meet *Mesle's* culpability standard. Additionally, Defendants have now appeared in this action and have displayed a willingness to cooperate fully going forward and, thus, this factor weighs in favor of setting aside the entry of default. *See Novac v. Cnty. of Sacramento*, No. 218CV02232JAMKJN, 2019 WL 295771, at *3 (E.D. Cal. Jan. 23, 2019) ("Because carelessness in failure to answer does not constitute culpability, the Defendant County of Sacramento is also not culpable."); *Falk*, 739 F.2d at 464 (declining to find five-month delay in moving to set aside default culpable in light of the defendant having difficulty in retaining counsel).

**B. Meritorious Defense**

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on a defendant is not extraordinarily heavy. *Id.* Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (hereinafter, "*Stone*"); *see Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage.") (citing *TCI Grp.*, 244 F.3d at 700).

Here, Defendants "dispute the material allegations" of Plaintiffs' complaint and assert that, in a trademark infringement action, intent is relevant to the issue of damages. (Doc. 32 at 7-8; citing *GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*, No. 1:22-CV-1454 JLT SAB, 2023 WL 2815746, at

*5 (E.D. Cal. Apr. 6, 2023)).  Counsel for Defendants attaches to his declaration a proposed answer denying significant portions of the complaint and including affirmative defenses, such as "no likelihood of confusion" and "innocent infringer."  (Doc. 32-1, Ex. D).

In response, Plaintiffs assert that Defendants "merely recite blanket denials to the allegations" and "Bargain Max does not deny selling Unauthorized Electrolit as alleged in the Complaint, but rather asserts it did not intend to do so," and that the Lanham Act is a strict liability statute.  (Doc. 33 at 16-18).  However, in the proposed answer, Defendants deny the factual assertions levied in the complaint paragraph by paragraph.  *See* (Doc. 32-1, Ex. D).  Defendants also assert affirmative defenses that would refute Plaintiffs' claims, such as "no likelihood of confusion" – an essential element of a trademark infringement claim.  *See Murray v. Cable Nat'l Broad. Co*., 86 F.3d 858, 860 (9th Cir. 1996).  Defendants further dispute that Alhomedi is the alter-ego of Bargain Max.  (Doc. 34 at 7).

Claims of trademark infringement commonly involve fact issues that are rarely amenable to judgment as a matter of law without the benefit of discovery.  *E.g.*, *Yaros v. Kimberly Clark Corp*., No. 17cv1159-GPC(BGS), 2018 WL 3729520, at *5 (S.D. Cal. Aug. 6, 2018); *Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty*., No. CV F 09-1988 LJO SMS, 2010 WL 2218813, at *10 & n.3 (E.D. Cal. June 1, 2010).  Given the low burden a party must satisfy to demonstrate entitlement to setting aside default (*Stone*, 794 F.2d at 513) and given Defendants' denial of the claims in the complaint and denial of essential elements of those claims, the Court finds that this factor weighs in favor of setting aside the entry of default.

**C.  Prejudice**

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case."  *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996).  "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default.  *TCI Grp.*, 244 F.3d at 701.  Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered."  *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Defendants assert that "[v]ery little time has passed since the filing of this action … Plaintiffs' claims can still be fully adjudicated on the merits, and any inconvenience caused by setting aside the default is outweighed by the strong judicial preference for resolving disputes on their merits." (Doc. 32 at 8-9).

Plaintiffs rely on authorities they cite for the proposition that they would suffer prejudice due to resulting encouragement and enablement of Defendant, as "Defendants[] have had seven months to sell off and/or transfer their inventory before facing the consequences of their wrongful conduct." (Doc. 33 at 19).

In their reply, Defendants provide that Plaintiffs "identify no lost evidence, faded witness memories, or discovery difficulties," attempt to distinguish caselaw cited by Plaintiff, and state that "any delay in obtaining any judgment in this case[] will not hinder Plaintiffs' ability to pursue its claims or impose any costs beyond those inherent in litigating its case." (Doc. 34 at 7-8).

Prejudice in the form of a "quick victory" is insufficient to justify denial of relief. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000). "Having to try a case on the merits is not by itself sufficient prejudice" - the delay must result in tangible harm, such as loss of evidence or more difficult discovery. *Audio Toys, Inc.*, 2007 WL 1655793, at *3. While the Court acknowledges Plaintiffs' concerns regarding delay, Plaintiff has not sufficiently identified tangible harm that would result from setting aside default. In sum, the Court finds that this factor weighs in favor of setting aside the entry of default.

*     *     *     *     *

On balance, given the disfavor generally accorded to resolving actions on default and given that the *Mesle* factors weigh in Defendants' favor, the Court finds that default should be set aside. As such, Plaintiffs' motion for default judgment (Doc. 17) will be terminated as moot and the Court's order holding said motion in abeyance and requiring Defendants to submit to an accounting (Doc. 29) will be vacated.

///

///

## IV. Conclusion and Order

For the forgoing reasons, it is HEREBY ORDERED that:

1. The motion of Defendants Bargain Max Wholesale, Inc., and Mohammed Alhomedi to set aside default (Doc. 32) is GRANTED;

2. The Clerk of the Court is directed to TERMINATE Plaintiffs' motion for default judgment (Doc. 17) as moot;

3. The Court's order (Doc. 29) holding in abeyance Plaintiff's motion for default judgment and directing Defendants to submit to an accounting, and all deadlines and filing requirements therein, are VACATED; and

4. Within five (5) days of issuance of this order, Defendants shall file their proposed answer (Doc. 32-1 at 17-36) as a stand-alone entry on the docket.

5. The parties SHALL APPEAR for a Scheduling Conference on August 21, 2025, at 9:30am in Bakersfield (CDB) before Magistrate Judge Christopher D. Baker, via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy prior to the conference. A joint scheduling conference statement shall be filed in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (Doc. 4).

IT IS SO ORDERED.

Dated: __**July 25, 2025**__              _____
                                          UNITED STATES MAGISTRATE JUDGE